# IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
# IN AND FOR BROWARD COUNTY, FLORIDA

Case No. 0:20-cv-62347

**VLADIMIR LUKSHA**,

    Plaintiff,

v.

**ALLIANCE CAS, LLC**, and
**THE CAPE AT CORAL BAY VILLAGE ASSOCIATION, INC.**,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## <u>INJUNCTIVE RELIEF SOUGHT</u>

Plaintiff Vladimir Luksha ("Plaintiff") sues Defendant Alliance CAS, LLC, and The Cape at Coral Bay Village Association, Inc. (collectively, the "Defendants") for violations of 15 U.S.C. §1692 et seq., the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 et seq., the Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff and Defendants (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Defendants because Defendants are operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendants occurred within Broward County, Florida.

3. The amount in controversy is greater than $8,000, but does not exceed $15,000, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Broward County Florida.

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6. Defendant Alliance CAS, LLC ("Defendant-DC") is a Delaware limited liability company, with its principal place of business located in Dania Beach, Florida.

7. Defendant-DC engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

8. At all times material, Defendant-DC was acting as a debt collector in respect to the collection of Plaintiff's debts.

9. Defendant The Cape at Coral Bay Village Association, Inc ("Defendant-Creditor") is a Florida corporation, with its principal place of business located in Plantation, Florida.

10. At all times material, Defendant-Creditor was the creditor of the debts Defendant-DC sought to collect from Plaintiff.

## DEMAND FOR JURY TRIAL

11. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

12. Defendant-Creditor is the Homeowner Association ("HoA") associated Plaintiff's personal residence.

13. This action involves an **alleged** debt owed to Defendant-Creditor by Plaintiff arising from the maintenance and upkeep services Defendant-Creditor provides to Plaintiff,

PAGE | **2** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

*namely*, the $1,000 Defendant-Creditor demanded from Plaintiff because weeds were growing in Plaintiff's front yard (the "Consumer Debt").

14. Plaintiff is the alleged debtor of the Consumer Debt.

15. The *true* amount of the Consumer debt is zero dollars ($0), as Defendant-Creditor does not have any contractual or statutory right to assess, collect, or attempt to collect said $1,000 from Plaintiff

16. On or about October-2019, Defendant-Creditor attempted to collect the Consumer Debt from Plaintiff, and in so doing, falsely asserted that Plaintiff owed Defendant-Creditor $1,000, *plus* "mail charges" of $18.54, plus "other costs" of $215, for a grand total of $1,233.54.

17. On date better known by Defendants, Defendant-Creditor referred the collection of the Consumer Debt to Defendant-DC.

18. In referring and/or assigning the collection of the Consumer Debt to Defendant-DC, Defendant-Creditor disclosed to Defendant-DC *false* information about Plaintiff and/or information that Defendant-DC had no *legitimate* business need for, the likes of which affected the reputation of Plaintiff. For example, Defendant-Creditor falsely disclosed to Defendant-DC (the "Disclosure"), *among other things*, that Plaintiff owed Defendant-Creditor, at minimum, a debt of $1,000 and that Plaintiff had not paid said debt.

19. The Disclosure affected Plaintiff's reputation. For example, the disclosure affected Plaintiff's reputation regarding the repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, and Plaintiff's reputation regarding trustworthiness.

20. Defendant-DC is a debt collector governed by both the FDCPA and FCCPA.

21. Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

22. Defendant-DC is a business entity engaged in the business of collecting consumer debts.

23. Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

24. At all times material, Defendant-DC was acting as a debt collector in respect to the collection of the Consumer Debt.

25. Defendant-DC is an entity required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect consumer debts in Florida.

26. The Consumer Debt is a debt which Defendant-DC must possess a valid Consumer Collection Agency license to lawfully collect or attempt to collect from Plaintiff.

27. Defendant-DC is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

28. Defendant-DC's "Consumer Collection Agency" license number is CCA9904190.

29. For Defendant-DC's "Consumer Collection Agency" license to remain valid, Defendant-DC is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

30. Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant-DC *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

31. Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant-DC *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

32.  Defendant-DC maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

33.  The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

34.  On a date better known by Defendant-DC, Defendant-DC began attempting to collect the Consumer Debt from Plaintiff.

35.  On or about February 19, 2020, Defendant-DC contacted Plaintiff in an attempt to collect the Consumer Debt, and in so doing, falsely represented the amount of the Consumer Debt as $2,311.31.

36.  The $2,311.31 Defendant-DC unlawfully attempted to collect from Plaintiff is comprised of: **[1]** $140 of allegedly outstanding "assessments" owed by Plaintiff as of February 19, 2020; **[2]** a "collection fee" of $1,100 that Defendant-DC **could not** lawfully assess, collect, or attempt to collect from Plaintiff; **[3]** "collection costs" of $46.31 that Defendant-DC **could not** lawfully assess, collect, or attempt to collect from Plaintiff; **[4]** "late fees" in the amount of $25; and **[5]** the underling $1,000 charge that Defendant-Creditor unlawfully assessed Plaintiff.

37.  By way of documents and information Defendant-DC maintains in accordance with Rule 69V-180.080, Florida Administrative Code, Defendant-DC knew that it (Defendant-DC) did not have any contractual or legal authority to assess Plaintiff a collection fee of $1,100.

38.  In the course of attempting to collect the Consumer Debt from Plaintiff, Defendant-DC threatened Plaintiff with a lien against Plaintiff's residential property. Although Defendant-DC could not lawfully levy such a lien, the threat caused Plaintiff to send Defendant-DC $1,200 that Defendant-DC was not otherwise entitled.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT I.
## VIOLATION OF 15 U.S.C. § 1692e(2)(A) & (B)
(*against Defendant-DC*)

39. Plaintiff incorporates above-paragraphs 1-38 as though fully stated herein.

40. As stated above, on or about February 19, 2020, Defendant-DC attempted to collect the Consumer Debt from Plaintiff, and in so doing, falsely represented the amount owed by Plaintiff as $2,311.31.

41. Here, Defendant-DC falsely represented that, *in addition to the $1,000 charge that Defendant-Creditor unlawfully assessed to Plaintiff*, Plaintiff was required to pay an additional $1,311.31 (for a total of $2,311.31) to satisfy the Consumer Debt. Defendant-DC did not have any contractual or statutory right to demand *neither* the underlying $1,000 charge nor the $1,311.31 from Plaintiff. As such, by falsely representing the amount and character of the Consumer Debt as $2,311,31, Defendant violation 15 U.S.C. §§ 1692e(2)(A) & (B).

42. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief:

   (a) Statutory damages as provided by 15 U.S.C. §1692k;

   (b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

   (c) Any other relief that this Court deems appropriate under the circumstances.

## COUNT II.
## VIOLATION OF 15 U.S.C. § 1692e(5)
(*against Defendant-DC*)

43. Plaintiff incorporates above-paragraphs 1-38 as though fully stated herein.

44. As stated above, the Consumer Debt is an illegitimate debt that cannot be lawfully recovered from Plaintiff, and as such, neither Defendant-DC nor Defendant-Creditor could lawfully levy a lien against Plaintiff's residential property. Nevertheless, in the course of

PAGE | **6** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

attempting to collect the Consumer Debt from Plaintiff, Defendant-DC wrongfully threatened that Defendant-Creditor intended to record a "Claim of Lien" against Plaintiff's residential property unless Plaintiff sent a check or money order to **specific address** belonging to Defendant-DC.

45. Defendant-DC violated 15 U.S.C. § 1692e(4) by unlawfully representing and/or implying that Defendant-Creditor intended to record lien against Plaintiff's property because, regardless of whether Defendant-Creditor had such intent, the lien threatened by Defendant-DC was premised on an unlawful and illegitimate debt, *namely*, the Consumer Debt.

46. The lien Defendant-DC threatened to record against Plaintiff's residential property caused Plaintiff to send Defendant-DC $1,200 in an attempt to prevent the threatened lien. Defendant-DC was not lawfully entitled to said $1,200, and as such, Plaintiff seeks damages of $1,200, *in addition to statutory damages, costs, and attorneys' fees*, from Defendant-DC.

47. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief:

    (a) Statutory damages as provided by 15 U.S.C. §1692k;

    (b) Actual damages as provided by 15 U.S.C. §1692k;

    (c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

    (d) Any other relief that this Court deems appropriate under the circumstances.

### *COUNT III.*
### **VIOLATION OF FLA. STAT. § 559.72(9)**
(*against Defendant-DC and Defendant-Creditor*)

48. Plaintiff incorporates by reference paragraphs 1-38 of this Complaint as though fully stated herein.

49. As stated above, Defendant-DC unlawfully attempted to collect a "collection fee" in the amount of $1,100 from Plaintiff as part of the Consumer Debt. By way of the documentations

and records Defendant-DC is required to maintain to retain a valid consumer collection agency license with the Florida Department of State, Defendant-DC *knew* it did not have *any* contractual or statutory right to assess Plaintiff a collection fee of $1,100 *and* attempt to collect said "collection fee" from Plaintiff as part of the Consumer Debt. Thus, by and through attempting to collect $2,311.31 from Plaintiff, whereby said amount included a $1,100 "collection fee," as well as other impermissible fees and costs, Defendant-DC asserted a legal right which it *knew* did not exist in violation of 559.72(9) of the FCCPA.

50. At minimum, Defendant-DC acted with apparent authority in attempting to collect the Consumer Debt on Defendant-Creditor's behalf. Defendant-DC sought to collect the Consumer Debt from Plaintiff because Defendant-DC had contracted with Defendant-Creditor for the provision of such services.

51. Defendant-Creditor purposely provided Defendant-DC with the information to collect the Consumer Debt from Plaintiff, of which included Plaintiff's contact information, the nature of the Consumer Debt, and the amount purportedly owed by Plaintiff.

52. As such, the above-mentioned violation of § 559.72(9) is the result of Defendant-DC's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Defendant-DC and Defendant-Creditor, and as a result, Defendant-Creditor is vicariously liable for such FCCPA violation.

53. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC and Defendant-Creditor, awarding Plaintiff the following relief:

(a) Statutory as provided under Fla. Stat. §559.77(2);

(b) An injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(d) Any other relief that this Court deems appropriate under the circumstances.

## COUNT IV
## VIOLATION OF FLA. STAT. § 559.72(9)
(*against Defendant-Creditor*)

54. Plaintiff incorporates by reference paragraphs 1-38 of this Complaint as though fully stated herein.

55. As stated above, in referring and/or assigning the collection of the Consumer Debt to Defendant-DC, Defendant-Creditor disclosed to Defendant-DC *false* information about Plaintiff and/or information that Defendant-DC had no *legitimate* business need for, the likes of which affected the reputation of Plaintiff. By and through the Disclosure, Defendant-Creditor falsely disclosed to Defendant-DC that Plaintiff owed Defendant-Creditor a debt, *i.e.*, the Consumer Debt, and that Plaintiff had failed to pay such debt.

56. The Disclosure affected Plaintiff's reputation regarding the repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, and Plaintiff's reputation regarding trustworthiness.

57. Thus, in light of the above, by disclosing false information regarding to the Consumer Debt allegedly owed by Plaintiff to Defendant-DC, Defendant-Creditor violated § 559.72(5) of the FCCPA.

58. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-Creditor, awarding Plaintiff the following relief:

(a) Statutory damages as provided under Fla. Stat. §559.77(2);

(b) An injunction prohibiting Defendant-Creditor from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

PAGE | **9** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

   (d) Any other relief that this Court deems appropriate under the circumstances.

DATED: November 18, 2020

              Respectfully Submitted,

               /s/ Jibrael S. Hindi       .
              **JIBRAEL S. HINDI, ESQ.**
              Florida Bar No.: 118259
              E-mail: jibrael@jibraellaw.com
              **THOMAS J. PATTI, ESQ.**
              Florida Bar No.: 118377
              E-mail: tom@jibraellaw.com
              THE LAW OFFICES OF JIBRAEL S. HINDI
              110 SE 6th Street, Suite 1744
              Fort Lauderdale, Florida 33301
              Phone: 954-907-1136
              *Counsel for Plaintiff*

PAGE | **10** of **10**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com